IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:17-HC-2141-FL

| | | |
|---|---|---|
| NATHANIEL R. WEBB, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DONNIE HARRISON, WAKE COUNTY | ) | |
| JAIL, ATTORNEY GENERAL OF NORTH | ) | |
| CAROLINA | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner, a state pretrial detainee incarcerated at the Wake County Detention Center, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On November 20, 2017, the clerk dismissed the action for failure to prosecute. On November 28, 2017, petitioner filed an amended petition. This matter comes before the court for an initial review pursuant to 28 U.S.C. § 2243, which provides that the court need not seek a response from respondent when it is clear on the face of the petition that petitioner is not entitled to relief. Also before the court are petitioner's motion for reconsideration (DE 15) and petitioner's motion for relief from judgment (DE 16).

## BACKGROUND

Petitioner challenges his continued detention at Wake County Detention Center on pending criminal charges. Specifically, petitioner alleges maliciously vindictive and selective prosecution, ineffective assistance of counsel, interception of communications by prosecution,[1] erroneous, improper, and unlawful indictment, detainment under false pretenses, speedy trial violations, and

---
[1] To the extent petitioner challenges conditions of his confinement, the appropriate action is a claim pursuant to 42 U.S.C. § 1983. See, e.g., Nelson v. Campbell, 541 U.S. 637, 643 (2004).

excessive bail. (See Pet. (DE 14) 6, 7); see also (Pet.'s Mem. (DE 14) 44, 47, 48).

Specifically, petitioner alleges that prosecutor Melanie Shekita ("Shekita"), has harassed him for the past seven years, and harassed petitioner's friends in past trials, amounting to a conflict of interest. (See Pet.'s Mem. (DE 14) 17–21). Specifically, petitioner offers evidence, two affidavits from Michael Quadrel ("Quadrel") and Freya Turppa ("Turppa"), that after the conclusion of his criminal trial in 2011, where petitioner was found not guilty, Shekita stated, "[d]on't worry, I'll get him." (Quadrel Aff. (DE 14-3) ¶ 1); (Turppa Aff. (DE 14-4) ¶ 1). Pertaining to the current investigation, petitioner alleges Shekita accepted unlawfully obtained information from investigator Mark Szajsberg who performed credit inquiries on petitioner, impacting petitioner's credit score. (See Pet.'s Mem. (DE 14) 19). Petitioner also alleges Shekita has been intercepting his mail at Wake County Detention Center. (See id. 20). Petitioner alleges he brought his claims before a hearing in state court, but "nothing was done." (Id. 21). Petitioner also alleges Shekita purposely held grand jury proceedings on a day where he was ineligible to testify. (See id. 40). As relief, petitioner requests a declaration that petitioner's rights have been violated, immediate bail, an order dismissing petitioner's charges, and an evidentiary hearing. (See id. 52).

## DISCUSSION

A.  Motion for Reconsideration

As an initial matter, for good cause shown, petitioner's motion for reconsideration of his case is GRANTED. Therefore, the motion for relief from judgment is DENIED AS MOOT. The court conducts its initial review pursuant to petitioner's amended petition.

B.  Initial Review

A habeas corpus application allows a petitioner to challenge the fact, length, or conditions

2

of custody and to seek immediate release. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 484–85 (1973). Pretrial detainees may file a habeas corpus petition pursuant to § 2241. See 28 U.S.C. § 2241; United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995). However, a state pretrial detainee first must exhaust other available remedies to be eligible for habeas corpus relief under § 2241. See Timms v. Johns, 627 F.3d 525, 530–31 (4th Cir. 2010); Durkin v. Davis, 538 F.2d 1037, 1041 (4th Cir. 1976) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state prisoner should stay their hand.") (internal quotations omitted). In this case, petitioner states that he currently is in the pretrial stages of his North Carolina State criminal proceedings. Petitioner thus has not exhausted available remedies in the trial and appellate courts, and has not alleged any exceptional circumstances sufficient to excuse this failure. Because petitioner's criminal proceedings are ongoing, the court DISMISSES the petition without prejudice.

Alternatively, the court may not proceed with this action because federal courts are not authorized to interfere with a State's pending criminal proceedings, absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 45 (1971); Kugler v. Helfant, 421 U.S. 117, 126 (1975) (defining extraordinary as "creating an extraordinarily pressing need for immediate federal equitable relief") (internal quotations omitted). Specifically, a federal court must abstain from exercising jurisdiction and interfering with a state criminal proceeding if "(1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." Nivens v. Gilchrist, 319 F.3d 151, 153 (4th Cir. 2003) (quoting Middlesex County Ethics Comm. v. Garden

State Bar Ass'n, 457 U.S. 423, 432 (1982)). The Supreme Court, however, has recognized three exceptions to Younger abstention, first where "there is a showing of bad faith or harassment by state officials responsible for the prosecution." Kugler, 421 U.S. at 124 (internal quotations omitted); see Cinema Blue of Charlotte, Inc. v. Gilchrist, 887 F.2d 49, 54 (4th Cir. 1989) (defining bad faith as "without a reasonable expectation of obtaining a valid conviction"). Second, where "the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions;" and third, where "there exist other extraordinary circumstances in which the necessary irreparable injury can be shown in the absence of the usual prerequisites of bad faith and harassment." Kugler, 421 U.S. at 124 (internal quotations omitted).

Here, petitioner's request for relief falls within Younger. First, petitioner is challenging an ongoing State criminal proceeding. Second, "North Carolina has a very important, substantial, and vital interest in preventing violations of its criminal laws." Nivens, 319 F.3d at 154. Third, petitioner's "pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Gilliam v. Foster, 75 F.3d 881, 904 (4th Cir. 1996) (en banc) (quotation omitted). Finally, petitioner has not alleged "extraordinary circumstances" which would qualify under an exception to Younger. Petitioner's allegations involving Quadrel and Turppa relate to past acts between petitioner and Shekita and are unrelated to his current charges. (See Pet.'s Mem. (DE 14) 18). Therefore, they do not present a need for immediate federal injunctive relief. See Kugler, 421 U.S. at 126. As for petitioner's allegations relating to his current charges that Shekita's actions involved bad faith or harassment, they are utterly speculative and do not rise to an exception under Younger. (See Pet.'s Mem. (DE 14) 19–21, 40); see also Cinema Blue of Charlotte, Inc., 887 F.2d at 54.

4

Based upon the foregoing, this court abstains from considering this action. See Cinema Blue of Charlotte, Inc., 887 F.2d at 52; Brazell v. Boyd, No. 92-7029, 1993 WL 98778, *2 (4th Cir. 1993) (finding the district court should abstain from considering a speedy trial claim pursuant to Younger); see also Gary v. Hudson, No. 6:09-3175-JFA-WMC, 2010 WL 358459, * 3 (D.S.C. Jan. 26, 2010) ("In [Moore v. DeYoung, 515 F.2d 437 (3d Cir. 1975)], the court concluded that the federal court should abstain from considering a speedy trial claim at the pre-trial stage because the claim could be raised at trial and on direct appeal. . . . Petitioner can pursue his claims in state court both during and after trial, so he fails to demonstrate 'special circumstances,' or to show that he has no adequate remedy at law and will suffer irreparable injury if denied his requested relief of release from imprisonment."). Thus, this petition is DISMISSED without prejudice.

## CONCLUSION

Based on the foregoing, the court ORDERS,

(1) Petitioner's motion for reconsideration (DE 15) is GRANTED;

(2) Petitioner's motion for relief from judgment is (DE 16) DENIED AS MOOT;

(3) This action is DISMISSED without prejudice. The clerk of court is DIRECTED to close this case.

SO ORDERED, this 30th day of January, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge